# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>DARREN DOUGLAS, HEATHER CLARK, JUSTIN HANAWALT, DEREK HOLMES, JOSEPH STARR, and CASEY OLSON,<br><br>    Defendants. | No. CR08-3016-MWB<br><br>**ORDER SETTING JURY TRIAL IN CRIMINAL CASES and STIPULATED DISCOVERY ORDER** |

*IT IS ORDERED:*

*I.* <u>**TRIAL DATE**</u>**:**  This case has been placed on the calendar of United States District Court Judge Mark W. Bennett for a jury trial scheduled to commence in the third floor courtroom of the Federal Courthouse in Sioux City, Iowa, during the two-week period beginning on the **7th day of July, 2008, as to the following defendants: Justin Hanawalt, Derek Holmes, Joseph Starr and Casey Olson**.

*II.* <u>**FINAL PRETRIAL CONFERENCE**</u>**:**  Unless a final pretrial conference ("FPTC") is set by separate order, the FPTC in this case will be held in the courtroom beginning **promptly** at **8:00 a.m.** on the day scheduled for the commencement of trial.  All counsel and parties are expected to be present for the FPTC at the scheduled time, prepared fully to proceed with the trial of the case.

*III.* <u>*MONTHLY CRIMINAL CASE MANAGEMENT CONFERENCE*</u>:  At **3:00 p.m.** on the **first Friday of each month**, a status/scheduling conference for certain pending criminal cases will be held at the Federal Courthouse in Sioux City, Iowa.  **All defense attorneys** handling criminal trials scheduled on the following month's trial docket must attend the conference or, by no later than 5:00 p.m. on the preceding Thursday, either (1) file a status report indicating the case will be ready for trial as scheduled, and setting forth the estimated number of days required for trial; (2) file a motion to continue the trial, citing appropriate grounds for continuance under the Speedy Trial Act,

18 U.S.C. § 3161[1]; (3) call Judge Zoss's office at 712-233-3921 to schedule a plea hearing; or (4) call Judge Zoss's law clerk at 712-233-3870 to discuss the status of the case. **All prosecutors** with criminal trials scheduled on the following month's trial docket must either (1) attend the case management conference, or (2) call Judge Zoss's law clerk by 5:00 p.m. on the preceding Thursday to discuss their cases. All attorneys, both prosecution and defense, are directed to confer regarding the following months' criminal trials prior to attending the conference or contacting the court as set forth above.

   IV.  *MOTIONS, NOTICES, AND REQUESTS*:

   A.  Nontrial-Related Motions. All motions not directly related to trial issues, including motions challenging the extent to which the government is providing discovery, motions to suppress, motions to dismiss, and motions for severance, must be filed within twenty-eight days after the date of the arraignment.[2] *See* LCrR 12.1(a). This deadline controls even if the trial date established in this order is continued. Resistances to these motions must be filed within **five court days**[3] after the filing of the motion. *See* LCrR 47.1(a). These motions are hereby assigned to United States Chief Magistrate Judge Paul A. Zoss for appropriate disposition.

  Before an evidentiary hearing will be ordered on any such motion, the defendant first must present definite, specific, and detailed facts which demonstrate the existence of a substantial claim and an entitlement to the relief sought. Reliance on vague, conclusory allegations is insufficient. Any party requesting an evidentiary hearing must plead a factual basis that, if accepted as true, would entitle the party to relief. In the absence of a detailed factual pleading establishing a *prima facie* entitlement to relief, the court may deny a request for an evidentiary hearing.

---

[1]Except upon a showing of extraordinary cause, a criminal trial will be continued only once on the court's monthly trailing docket, after which the case will be scheduled for trial on a date certain.

[2]Any reference in this Order to "the arraignment" is to the defendant's *first* arraignment. If a superseding indictment is returned and the defendant wants an extension of a deadline, then the defendant should file a motion promptly requesting such an extension. *See* LCrR 12.1(b); *see also* LR 7.1(*l*).

[3]"Court days" is a term defined in LR 1.1(j).

2

Case 3:08-cr-03016-LTS-KEM  Document 21  Filed 04/30/08  Page 2 of 16

B.  <u>Trial-Related Motions</u>.  All trial related motions, including motions in limine, must be filed as soon as practicable, but at least **fourteen days** before the commencement of trial.  This deadline applies to the original trial date, or if the trial date is continued, to the subsequent trial date. Resistances to these motions must be filed within **five court days** after the filing of the motion.  *See* LCrR 47.1(a).  Unless ordered otherwise, the court will take up these motions at the FPTC.

The parties are required to notify the court by motion in limine or by motion under Federal Rule of Evidence 104(a) of all novel, unusual, or complex legal, factual, or procedural issues reasonably anticipated to arise at trial.

C.  <u>Notices</u>.  All notices referenced in Local Criminal Rule 12.1(a) must be given within **twenty-eight days** after the date of the arraignment.

D.  <u>Requests</u>.  All requests referenced in Local Criminal Rule 12.1(a) must be made within **twenty-eight days** after the date of the arraignment.

Requests for **subpoenas** and **writs of *habeas corpus ad testificandum*** must be submitted in accordance with the deadlines in Local Criminal Rule 17.1.  These requests will be handled by Judge Zoss; a courtesy copy should be delivered to Judge Zoss to ensure prompt processing of these requests.

All **requested voir dire questions** and **trial briefs** must be filed at least **two court days** before the commencement of trial.

The deadlines in this subsection apply to the original trial date, or if the trial date is continued, to the subsequent trial date.

***V.*** ***JURY INSTRUCTIONS*:**  It is the practice of the court to read to the jury a set of Preliminary Jury Instructions, including case-specific and stock instructions, immediately before opening statements, and a set of Final Jury Instructions, again including both case-specific and stock instructions, before and after arguments.  Although most of the Final Jury Instructions are read to the jury before arguments, the court reserves two instructions, concerning the jury's duties during deliberations, to be read upon the conclusion of arguments, just prior to the jury retiring to consider its verdict.  **The parties' assistance with the preparation of these Jury Instructions is mandatory, and failure to submit proposals or objections as indicated in this Order will be deemed waiver of such proposals or objections.**  To aid the parties in meeting their obligation to

assist with the preparation of Jury Instructions, representative stock instructions can be obtained from the Clerk of Court, and representative stock and case-specific instructions can be viewed on the court's website at *www.iand.uscourts.gov*.

    A.    <u>Parties' Instructions Conference</u>. At least **fourteen days** before the commencement of trial, the parties are to have an instructions conference, by telephone or in person. The Assistant United States Attorney in charge of the case is responsible for initiating the conference. However, failure of the Assistant United States Attorney to initiate the conference will not excuse the parties from submitting case-specific instructions separately by the deadline for such submissions, which is **seven court days** before trial.

At the parties' instructions conference, the parties must attempt to agree on the form and content of the following case-specific instructions:

(1) "elements" of offenses charged, lesser-included offenses, and attempt or aiding and abetting alternatives, *and* any necessary explanatory instructions;

(2) except in extraordinary circumstances, any "theory of defense" instruction(s) requested by the defendant(s);[4]

(3) "impeachment" instructions, which so far as practicable should include the name of the witness(es) to whom individual impeachment instructions (such as prior conviction, testimony pursuant to a plea agreement or offer of immunity, testimony of an informant, etc.) are applicable; and

(4) any other case-specific instructions, such as limiting instructions (to be given orally or in writing), that the parties reasonably can anticipate before evidence is presented at trial.

In preparation for the parties' instructions conference, at least **two court days** before the conference, the Assistant U.S. Attorney responsible for the case must serve (via e-mail or telefax) on all other counsel the plaintiff's proposed instructions. At least **one court day** before the

---

[4]In the extraordinary circumstances in which a defendant might be prejudiced by revealing a theory of defense prior to trial, the defendant may submit a proposed "theory of defense" instruction for the court's *in camera* review seven court days before trial, so that the court has the opportunity to review, research, and/or revise the instruction. In those circumstances, the defendant's proposed "theory of defense" instruction will only be revealed to the government prior to the instructions conference required by Rule 30, Federal Rules of Criminal Procedure.

4

conference, counsel for the defendant(s) must serve (again via e-mail or telefax) on all other counsel any alternate proposals.

B. <u>Submission of Proposed Instructions</u>. At least **seven court days** before the commencement of trial, the parties **jointly** must file proposed instructions in each of the categories identified in A. above, consisting of the following: (1) all joint (that is, agreed) instructions on the issue; and (2) any instructions to which the parties have not agreed. The parties must advise the court in the proposed instructions whether instructions will be needed for expert testimony or testimony by a defendant. Each requested instruction must be numbered separately (disputed instructions on the same issue must be identified, for example, as 5A for the plaintiff's submission and 5B for a defendant's submission), begin on a separate page, and be double-spaced. **Every proposed instruction must indicate at the bottom the authority upon which it is based, such as model instruction number, statute, regulation, decision, or other authority. All pattern instructions must be submitted in full text form with case-specific modifications**, such as name of a party or witness or alternative language applicable, with such modifications indicated by underscoring of additions and striking out of deletions.

C. <u>Objections to Instructions</u>. At least **seven court days** before the commencement of trial, the parties **separately** must file the following: (1) objections to the court's stock instructions and any different or additional stock instructions the party requests; and (2) objections to the opposing party's proposed instructions on any disputed matters. **Again, every objection or proposed alternative instruction must indicate the authority upon which it is based, such as model instruction number, statute, regulation, decision, or other authority, and all pattern instructions must be submitted in full text form with case-specific modifications.** The parties also will have the opportunity to make objections on the record to the final form of Preliminary and Final Jury Instructions before they are read to the jury.

D. <u>Instructions in the Course of Trial</u>. Instructions not requested as set forth above will be deemed waived, unless the subject of the instruction is one arising in the course of trial that reasonably could not have been anticipated before trial from the Indictment, discovery, or nature of the case. Instructions that reasonably could not have been anticipated may be submitted in the

5

Case 3:08-cr-03016-LTS-KEM    Document 21    Filed 04/30/08    Page 5 of 16

course of trial, but unless circumstances make it impracticable to do so, such instructions must be submitted in writing with supporting authority.

      E.     <u>Deadlines</u>. Deadlines as specified in this section apply to the original trial date or any subsequent date to which the trial is continued.

      ***VI.***    ***READING OF JURY INSTRUCTIONS:*** The court does not require the court reporter to report the reading of the jury instructions, and considers the instructions read as published in the final version filed of record. The parties should make a record as to any misreads of the instructions at the conclusion of the reading of the instructions.

      It is the practice of the court to read all but the last two of the final instructions to the jury prior to arguments. *See* Fed. R. Crim. P. 30. The last two instructions, which concern the jury's duties during deliberations, will be read upon the conclusion of arguments, just prior to the jury retiring to consider its verdict.

      If any party has an objection to any part of the procedure described in this section, that objection must be raised at or before the FPTC.

      ***VII.***    ***ACCEPTANCE OF RESPONSIBILITY***: The parties are advised that the additional one-level decrease for acceptance of responsibility provided for under United States Sentencing Guidelines § 3E1.1(b) may not be granted unless notice is given to the court by **no later than the close of business seven court days before the commencement of trial** that the defendant has entered into a plea agreement or has entered a plea of guilty resolving all pending charges. Once this deadline has expired, the parties can assume that, unless exceptional circumstances are shown, the court will not grant the additional one–level decrease.

      ***VIII.***    ***DISCLOSURE OF WITNESSES, EXHIBIT LISTS AND JENCKS MATERIAL:*** At least **five court days** before the commencement of trial, the parties must confer and exchange the following:

      A.     A witness list[5] that sets forth the anticipated order in which witnesses will be called;

---

[5]The defendant need not be included in the witness list. The defendant is always a possible witness in every criminal trial, and the final decision as to whether to call the defendant as a witness often is not made until just prior to the defendant resting his or her case in chief.

B. All materials required to be disclosed under the Jencks Act for each witness identified on the witness list[6]; and

C. An exhibit list identifying all exhibits the party anticipates attempting to introduce into evidence at trial, together with a copy of all documentary exhibits.

At this conference, the parties are encouraged to reach an agreement on the admissibility of exhibits so that all exhibits to which there are no objections may be admitted upon stipulation of the parties at the commencement of the trial.

At least **two court days** before to the commencement of trial, the parties must file a joint exhibit list in the following format:

| **(Government's)(Defendant's) Exhibits** | Objections [Cite Fed. R. Evid.] | Offered | (A) - (NA) |
|---|---|---|---|
| [1.][A.]  *[describe exhibit]* | | * | * |
| [2.][B.]  *[describe exhibit]* | | | |
| [3.][C.]  *[describe exhibit]* | | | |
| [4.][D.]  *[describe exhibit]* | | | |
| [5.][E.]  *[describe exhibit]* | | | |

[**These columns are for use by the trial judge at trial.  Nothing should be entered in these columns by the parties.*]

   **IX.   *JURY INVESTIGATION:***  If any party does any type of jury investigation, the party must disclose to the court and all opposing counsel the name of any potential juror who has been determined to have a criminal conviction for an offense more serious than a simple misdemeanor.

---

[6]These materials may not be photocopied, and must be returned at the conclusion of the trial.

7

**X.    JURY SELECTION PROCEDURES**:  The following are Judge Bennett's jury selection procedures:

A.    Approximately **fifty** randomly-selected potential jurors will be notified to appear at the courthouse at 8:30 a.m. on the first day of trial.  About a week before trial, the attorneys will receive from the Clerk of Court a list of the potential jurors, together with copies of their juror questionnaires.  The attorneys also will receive a list of the first twenty-nine potential jurors[7] in the order in which they were randomly drawn.  The court will be provided with a separate list of all of the potential jurors in the order in which they were randomly drawn.

B.    The first twenty-nine of the preselected potential jurors who appear for jury selection will be seated in order in the jury box,[8] and will be the potential jurors first considered for impanelment on the jury.

C.    At 9:00 a.m., the Clerk of Court will open court.

D.    Judge Bennett will greet the jury, counsel, and the parties; announce the name of the case to be tried; and ask counsel if they are ready to proceed.

E.    Judge Bennett will swear in the entire jury panel.

F.    Judge Bennett will make some introductory remarks to the jury about the jury selection process.

G.    Judge Bennett will ask the entire jury panel if they are aware of any circumstance that might prevent their service on the jury, and may excuse anyone for whom he believes jury service would be an undue burden.

H.    Judge Bennett will read a statement of the case.

---

[7]Twenty-nine is the number of potential jurors needed, after sixteen peremptory challenges, to produce twelve jurors and one alternate.  One additional potential juror will be seated for each additional peremptory challenge and for each additional alternate juror required to try the case.  Any request for additional peremptory challenges or alternate jurors must be filed at least **fourteen days** before the commencement of the trial.

[8]If any of the first twenty-nine preselected potential jurors does not appear for jury selection or is excused from jury service after arriving at the courthouse, that potential juror will be replaced with the next potential juror on the judge's list of preselected potential jurors, and the attorneys will be provided with an updated list.

I. Judge Bennett will introduce the courtroom staff. He then will ask the attorneys to identify themselves, the members of their firm, their clients, and the witnesses they expect to call at trial.

J. Judge Bennett will engage the potential jurors in the jury box in voir dire, utilizing PowerPoint presentation software to display his questions on the presentation equipment in the courtroom. This voir dire may include questions for the panel requested by a party who has filed a timely pretrial request for voir dire. *See* § IV.D., above.

K. After Judge Bennett has completed his questions, each side will be permitted to conduct up to one-half hour of jury voir dire. A request for additional time for attorney voir dire because of the complexity or unusual nature of a case, or in multi-party cases, should be made at or before the FPTC.

L. The parties will be permitted to challenge any potential juror for cause. These challenges may be made at the sidebar. If a potential juror is excused for cause, he or she will be replaced by the next potential juror on the judge's list of preselected potential jurors, who then will undergo the same questioning as the other potential jurors. There will be twenty-nine potential jurors remaining in the jury box at the conclusion of voir dire.

M. The Clerk of Court will give counsel for the United States a list of the names of the twenty-nine remaining potential jurors. Counsel for the United States is to strike three of the names by noting in the margin "π's first peremptory challenge," "π's second peremptory challenge," and so on, and then state aloud, "Exercised." The Clerk of Court then will take the list and hand it to counsel for the defendant(s), who is/are to strike five of the names by noting in the margin "Δ's first peremptory challenge," "Δ's second peremptory challenge," and so on, and then state aloud, "Exercised." This procedure will be repeated until the United States has exercised six peremptory challenges and the defendant(s) has/have exercised ten peremptory challenges, and thirteen jurors remain in the jury box.

N. The names of the thirteen remaining jurors will be announced by the Clerk of Court, in the numerical order in which they are seated on the Clerk of Court's seating chart. The rest of the panel will be excused. The first twelve names announced will be the jury, and the last name announced will be the alternate. The alternate will not be advised that he or she is an alternate juror.

O. Judge Bennett will swear in the jury.

9

Any objection to Judge Bennett's procedure for selecting jurors and alternate jurors must be filed at least **fourteen days** before the commencement of the trial.

   *XI.* *CONDUCT OF TRIAL*:  It is anticipated that the first day of trial will last from 9:00 a.m. to 5:00 p.m.  Thereafter, a normal trial day will last from 8:30 a.m. to 2:30 p.m., with two twenty-minute breaks, the first usually beginning between 10:00 a.m. and 10:30 a.m., and the second usually beginning between 12:10 p.m. and 12:30 p.m.  The parties are expected to have witnesses available so the court can take testimony throughout the full trial day with no undue delays in the receipt of evidence.

   After the first day of trial, **the parties and their attorneys are expected to be at the courthouse and available in the courtroom by no later than 8:15 a.m. on each morning of trial.**  The time between 8:15 a.m. and the start of testimony is to be used to review exhibits the parties anticipate introducing into evidence during that trial day, to set up any audiovisual equipment, and to take up any evidentiary or other issues which need to be addressed outside the presence of the jury.  In the event any party believes there may be particularly difficult issues that may require more than five or ten minutes to resolve, that party must advise the court and opposing counsel so an earlier time can be set to meet with counsel and the parties outside the presence of the jury and still start the receipt of evidence at 8:30 a.m.

   Sidebar conferences during the trial are strongly discouraged by the court.  **Defense counsel are advised that a defendant is entitled to participate in sidebar conferences, and this right is waived by a defendant who does not attend such a conference.**  All defendants should be advised by counsel of this right before the commencement of trial.

   *XII.* *OPENING STATEMENTS; CLOSING ARGUMENTS*:  Opening statements are limited to **thirty minutes** and closing arguments are limited to **one hour**.  **A request for additional time for opening statements or closing arguments must be made no later than the commencement of trial.**

   *XIII.* *DEMONSTRATIVE AIDS*:  A party using a demonstrative aid during a jury trial must, before the demonstrative aid is displayed to the jury, show the demonstrative aid to representatives of all other parties participating in the trial.  The term "demonstrative aid" includes

charts, diagrams, models, samples, and animations, but does not include exhibits admitted into evidence or outlines of opening statements or closing arguments.

XIV. *DEFENDANT'S ATTIRE AT TRIAL:* Defense counsel are directed to arrange for street clothing for their clients to wear during the trial. No defendant should appear in court during the trial in jail-issued clothing.

XV. *PROTOCOL FOR WITNESSES:* An attorney who may call a witness to testify at trial must, before the witness testifies, advise the witness of the accepted protocol for witnesses testifying in this court. This advice should include the following information: (A) the location of the witness box; (B) the proper route from the courtroom door to the witness box;[9] (C) the fact that the witness will be placed under oath; (D) where the witness should stand while the oath is being administered; (E) that the witness should adjust the witness chair and the microphone so the microphone is close to and directly in front of the witness's mouth; (F) that the witness should speak only in response to a question; (G) that the witness should wait for a ruling on any objections before proceeding to answer a question; (H) that the witness should answer all questions verbally; and (I) that substances such as food, beverages, and chewing gum should not be brought into the courtroom.

The attorney also must advise the witness of proper dress for the courtroom. Proper dress does not include blue jeans, shorts, overalls, T-shirts, shirts with printed words or phrases on the front or back, tank tops, or the like.

XVI. *RESTRICTIONS ON WITNESSES*:

A. Exclusion of Witnesses. A witness who may testify at the trial or at an evidentiary hearing will not be permitted to hear the testimony of any other witnesses before testifying, and is excluded from the courtroom during the trial or hearing until after the witness has completed his or her testimony, unless exclusion of the witness is not authorized by Federal Rule of Evidence 615 or unless the court orders otherwise. A witness who is excluded from the courtroom pursuant to this paragraph also is prohibited from reviewing a verbatim record of the testimony of other witnesses

---

[9]A map displaying this route is attached to this order. A copy of this map should be provided to each witness who is unfamiliar with the layout of the courtroom by the attorney calling the witness to testify.

11

at the trial or hearing until after the witness has completed his or her testimony at the trial or evidentiary hearing, unless the court orders otherwise.

  B. <u>Restrictions on Communications with Witnesses</u>. Unless the court orders otherwise, after the commencement of the trial or an evidentiary hearing and until the conclusion of the trial or hearing, a witness who may testify at the trial or hearing is prohibited from communicating with anyone, including the parties' counsel, about what has occurred in the courtroom during the trial or hearing. If the witness does testify at the trial or hearing, after the witness is tendered for cross-examination and until the conclusion of the witness's testimony, the witness is prohibited from communicating with anyone about the subject matter of the witness's testimony. A witness may, however, communicate with his or her attorney about matters of privilege, and may communicate with anyone if the right to do so is guaranteed by the United States Constitution.

  C. <u>Parties</u>. The restrictions on witnesses in paragraphs (A) and (B) of this section do not apply to the government's case agent, any defendant in the case, or any investigator employed by a defendant in the case.

  D. <u>Uniformed Witnesses</u>. No person who testifies at trial on behalf of any party in this case, and no defendant, government case agent, or investigator, may appear in court in the presence of the jury wearing a law enforcement uniform. Any such person must, at all times while in the presence of the jury, wear appropriate civilian clothing that does not identify the person as a representative of a law enforcement agency. The testimony of any witness appearing in court before a jury in attire prohibited by this order may be barred.

  E. <u>Duties of Counsel</u>. An attorney who may call a witness to testify at the trial or evidentiary hearing must, before the trial or hearing, advise the witness of the restrictions in this section.

  ***XVII. COURTROOM TECHNOLOGY:*** Before the commencement of trial, attorneys and witnesses who intend to utilize the technology available in the courtroom must familiarize themselves with the proper manner of operating of the equipment. Instruction and training on the proper use of the equipment may be obtained from Jose Leon or Sue Young of the court's automation staff by calling 712-233-3845 or 3844 to schedule an appointment. Information also may be obtained from the court's website at the following web address: *www.iand.uscourts.gov*.

***XVIII. <u>STIPULATED DISCOVERY ORDER</u>:***  At the time of arraignment, the following discovery obligations were agreed to by the parties, and the Court **ORDERS** compliance with the same.

    A.    The United States will include in its open discovery file or otherwise make available law enforcement reports (excluding evaluative material of matters such as possible defenses and legal strategies), grand jury testimony, and evidence or existing summaries of evidence in the custody of the United States Attorney's Office, which provide the basis for the case against the defendant.  The file will include Rule 16, *Brady*, and Jencks Act materials of which the United States Attorney's Office is aware and which said Office possesses.  Should the defendant become aware of any *Brady* material not contained in the open discovery file, the defendant will notify the United States Attorney's Office of such materials in order that the information may be obtained.

    B.    The United States may redact or withhold information from the open discovery file for security concerns or to protect an ongoing investigation.  This does not preclude the defendant from requesting *in camera* review of such material by the court, upon proper showing, in order to determine whether or not it should be disclosed in accordance with Federal Rule of Criminal Procedure 16.  When the United States withholds information from the open discovery file, notice of the withholding along with a general description of the type of material withheld will be included in the open discovery file.  The open discovery file also will not contain evidence which the United States has decided to use for impeachment of defense witnesses or rebuttal evidence.  It will not include evaluative material of matters such as possible defenses and legal strategies or other attorney work product.  The United States is authorized to disclose any defendant's tax information in its file to co-defendants for use consistent with this Order.

    C.    The information in the United States's discovery file may be used only for the limited purpose of discovery and in connection with the above-captioned federal criminal case now pending against the defendant(s) named in the caption.  The information provided in discovery may not be disclosed to or used by any person other than the defendant(s) named in the caption of this order and his/her/their counsel, and may not be used or disclosed in any proceeding not part of the pending criminal case.  This paragraph does not prohibit the sharing of information by co-defendants in this federal criminal case between or among counsel who are subject to this Order.  No information

obtained through discovery may be shared with other defendants or their counsel who are not subject to this Order except through motion pleading, or the offer of trial and sentencing exhibits.

      D.      Grand jury testimony, Jencks Act statements, and any transcription, summary, notes or dictation of discovery material will remain in the sole custody of defense attorneys who are subject to this Order or such attorneys' agents and may not be left with the defendant. This prohibition on leaving materials with the defendant will not apply to items discoverable under Federal Rule of Criminal Procedure 16; specifically, the defendant's statements, the defendant's criminal record, and, to the extent they are intended for use by the government as evidence in chief at trial, copies of documents, tangible objects, and reports of examinations and tests. The defense may not photocopy or reproduce grand jury transcripts, Jencks Act statements, or exhibits. If the attorney for a defendant subsequently is allowed to withdraw from this case and a new attorney is appointed or retained, upon agreement by the United States Attorney's Office, the withdrawing attorney may provide copies of transcriptions, summaries, notes, or dictations of discovery material to the new attorney, who by receiving such documents agrees to be subject to and to comply with the terms of this Order.

      E.      Any summary, notes, transcripts, or dictation of discovery material, including copies thereof, and copies of all discovery material, must be returned to the parties or certified as destroyed at the conclusion of the trial, sentencing or appeal, whichever is later.

      F.      Upon disclosure of the United States's discovery file, the defendant immediately must provide, and will be under a continuing obligation to provide, disclosure of statements as defined in 18 U.S.C. §3500(e)(1) & (2), and reciprocal discovery under Federal Rules of Criminal Procedure 16(b) and 26.2.

      G.      Dictation of discovery materials is permissible, but duplication of materials by video, photography, copy machine, computer scanner, or other is not permitted unless the party providing the discovery specifically agrees to such method.

      H.      The United States's open discovery file generally satisfies its notice obligations pursuant to Federal Rule of Criminal Procedure 12(b)(4) and Federal Rule of Evidence 404(b) and 609(b). If the defendant identifies specific evidence in the open discovery file, however, and asks the United States whether it intends to introduce such evidence pursuant to Federal Rule of Criminal Procedure 12(b)(4) or Federal Rule of Evidence 404(b) and 609(b), the United States will specify

14

whether it intends to use such evidence and if offered pursuant to Federal Rule of Evidence 404(b), will identify the purpose for which it will be offered under the rule without further motion or order.

      I.      The parties will exchange a list of prospective witnesses and a list of prospective exhibits no later than **five court days** before the commencement of trial. For witnesses for whom there existed no statements or reports that were subject to disclosure through discovery, the party listing the witness also must note next to the witness's name on the list the general purpose of his or her expected testimony.

      J.      This section imposes a continuing duty to disclose on all parties.

**IT IS SO ORDERED.**

**DATED** April 30, 2008.

_/s/ Paul A. Zoss_
PAUL A. ZOSS
CHIEF MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT

MAP OF THE THIRD-FLOOR COURTROOM
FEDERAL BUILDING, SIOUX CITY, IOWA

